***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Hall and enters the following Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. Travelers Indemnity Co. is the insurance carrier for defendant-employer.
3. On May 7, 2007, plaintiff was employed by defendant-employer as a concrete finisher. At that time, plaintiff claims to have sustained injuries to his back arising out of and in the course and scope of his employment with defendant-employer. Defendants dispute plaintiff's claims of injury. Plaintiff has not returned to work since the date of his alleged injury.
4. Plaintiff has been provided a Form 22 by defendant-Employer.
5. Plaintiff's issues for hearing:
 a. Is plaintiff entitled to compensation for injury to his back?
 b. What additional benefits, if any, is plaintiff entitled to receive for his injuries?
6. Defendants' issues for hearing:
 a. Whether plaintiff sustained an injury on May 7, 2007, in the course and scope of his employment.
 b. To what benefits, if any, is plaintiff entitled?
 c. If plaintiff's alleged injury is deemed compensable, are defendants entitled to a credit for unemployment benefits?
 d. Is plaintiff's alleged back injury a re-aggravation of a prior workers' compensation back injury?
 * * * * * * * * * * * EXHIBITS
The following documents were accepted into evidence before Deputy Commissioner Hall as stipulated exhibits: *Page 3 
Stipulated Exhibit 1: IC forms and filings, discovery, medical records, ESC determination, wage information, ESC document, plaintiff's response to discovery, Coastal Internal Medicine records, GMAC documents, photograph of tree, and prior New Hanover Regional Medical Center records (pages 1-480).
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 57 years old and had an 11th grade education. Plaintiff worked for defendant-employer for approximately two and a half years as a concrete finisher and helper. Prior to that, plaintiff worked as a concrete finisher for about 35 years.
2. The job duties of a concrete finisher with defendant-employer were to pull concrete with a rake or "come-along" and to set up and break down steel forms. Plaintiff testified this work was light when the concrete was wet, but heavy once the concrete became stiff. Plaintiff considered the job of concrete finisher to be very heavy work, though Mr. Elgin Jackson and Mr. Joseph David both testified the job was medium-level work.
3. Plaintiff testified he was pulling concrete for a sidewalk around a tree on May 7, 2007, with Mr. David and Mr. Jackson when he felt a "pinch" in his back and a shooting pain. Plaintiff testified he immediately reported the incident to Mr. Jackson. Mr. Jackson and Mr. David both denied any knowledge of the incident or report of it by plaintiff. *Page 4 
4. Mr. David testified he has known plaintiff all his life and considers him a friend. The testimony of Mr. Jackson and Mr. David are consistent and the Full Commission finds them to be credible.
5. Mr. Jackson took plaintiff home after they were finished pouring the sidewalk on May 7, 2007, as he did every day. Plaintiff did not request Mr. Jackson take him to the hospital, even though the hospital was closer to the jobsite than plaintiff's home.
6. Mr. David stayed behind to wait for the concrete to dry so he could finish the job by brooming the concrete. This was a one-person job and Mr. Jackson drove back to pick up Mr. David after dropping plaintiff off at home.
7. Plaintiff's sister took him to the hospital about 20 minutes after being dropped off by Mr. Jackson. Plaintiff's wife, Jo Laverne Simpson, met him at the hospital.
8. Plaintiff testified he reported a back injury to multiple hospital personnel while in the emergency room, including his doctor. Plaintiff and his wife testified plaintiff reported back pain on the emergency room intake sheet, but that document was not offered into evidence. There is no evidence of any complaints of back pain in the May 7, 2007 hospital records.
9. Plaintiff also testified he was sitting in a wheelchair in the emergency room, leaning over, due a pre-existing outgrowing rectal cyst. Plaintiff denied any significant pain from the cyst that day at work. Plaintiff testified that he had known about the cyst for nine to ten months prior to the emergency room visit on May 7, 2007.
10. Physician's assistant Kyra Williams testified she was the emergency room attendant who treated plaintiff before he saw the doctor on May 7, 2007. Plaintiff was treated only for a perirectal abscess which was operated on that day. Plaintiff did not report any back *Page 5 
pain or workplace incident to Ms. Williams. However, had plaintiff experienced back pain, Ms. Williams testified it would have been consistent with his cyst, given the location.
11. Plaintiff underwent surgery on May 7, 2007, to remove the cyst, recovery from which was typically about one week. Plaintiff returned to the hospital one week later reporting back pain, not cyst pain.
12. Plaintiff treated with Dr. Derrick Hickey of Port City Orthopaedics on June 29, 2007, for low back pain. Plaintiff went to New Hanover Regional Emergency Room on July 25, 2007, reporting chronic pain. Plaintiff was not restricted from any activity following the visit.
13. Plaintiff underwent a lumbar MRI on August 4, 2007, as recommended by Dr. Hickey that revealed only minimal anterolisthesis at L4-5. Plaintiff began treatment with Dr. Ayman Gebrail of Coastal Internal Medicine on July 20, 2009, reporting pain for over three years.
14. Plaintiff underwent another lumbar MRI on August 17, 2009, that showed mild degenerative disc disease at L4-5 and small broad based posterior disc bulges at L4-5 and L5-S1 without significant canal stenosis or neural foraminal narrowing. Dr. Gebrail diagnosed chronic back pain due to degenerative disc disease.
15. On October 6, 2009, Plaintiff treated with physician's assistant David Shaw at Atlantic Orthopaedics. Plaintiff reported back pain, which he attributed to working "many, many years" as a concrete worker.
16. Plaintiff then treated with Dr. Frances Pecoraro at Atlantic Orthopaedics. Dr. Pecoraro testified plaintiff reported subjective pain complaints, which he was unable to objectively assess. Dr. Pecoraro noted the 10 point pain scale was "very unreliable." Plaintiff never reported a workplace incident or injury to Dr. Pecoraro. *Page 6 
17. As of his deposition, Dr. Pecoraro had last treated plaintiff on November 24, 2009, though his physician's assistant treated plaintiff up to April 21, 2010. Dr. Pecoraro was unable to gauge plaintiff's ability to work, but thought he should have been able to work in some capacity.
18. Plaintiff never returned to work after May 7, 2007, with any employer. The only time plaintiff sought any employment after May 7, 2007, was to support his claim for unemployment benefits for which he was approved and received benefits of $213.00 per week for 21 weeks.
19. Plaintiff was issued a temporary layoff slip by Mr. Jackson sometime after May 7, 2007. Mr. Jackson later disputed plaintiff's claim for unemployment due to there being available work, though plaintiff never sought to return to work for Mr. Jackson. Mr. Jackson hired plaintiff's sons to work for him in November 2007.
20. Plaintiff denied ever working past May 7, 2007, though he admitted painting some window trim around his house during Christmas.
21. Plaintiff testified he has continued back pain and trouble ambulating. Plaintiff alleged his back condition prevents him from climbing stairs, playing with his grandchildren, or working. He alleges problems sitting, standing, sleeping, and lifting. Plaintiff contends he is only able to use the vacuum cleaner, take out the trash, wash dishes, and care for his plants.
22. Plaintiff denied any history of back pain, though he admitted to a prior workers' compensation claim roughly 20 years prior while working for Quality Concrete. Plaintiff also testified he was in a motor vehicle accident in 2008, which plaintiff testified aggravated his back condition.
23. Both Mr. Jackson and Mr. David testified plaintiff had a history of back pain and that he injured his back and filed a workers' compensation claim previously while working for *Page 7 
Quality Concrete. Mr. Jackson testified he was also aware Plaintiff hurt his back while playing football when he was younger.
24. No physician offered any opinion to a reasonable degree of medical certainty causally relating any of plaintiff's alleged back complaints to any specific traumatic incident arising out of his work with defendant-employer.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Injury is defined under the Workers' Compensation Act as an "injury by accident arising out of and in the course of the employment." However, with respect to back injuries, there need be no injury "by accident," but rather, merely an injury directly resulting from a specific traumatic incident related to one's employment. N.C. Gen. Stat. § 97-2.
2. The North Carolina Supreme Court has held "where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury."Young v. Hickory Business Furniture,353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000) (quoting Click v.Pilot Freight Carriers, Inc.,300 N.C. 164, 265 S.E.2d 389 (1980)).
3. Based upon the greater weight of the credible evidence, plaintiff did not suffer a compensable injury on May 7, 2007. N.C. Gen. Stat. § 97-2. *Page 8 
4. Disability is defined under the Workers' Compensation Act as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2.
5. The determination that a plaintiff is disabled is a conclusion of law that must be based upon findings of fact supported by competent evidence. Hilliard v. Apex Cabinet Co.,305 N.C. 593, 290 S.E.2d 682 (1982). "The burden is on the employee to show that he is unable to earn the same wages he had earned before the injury, either in the same employment or in other employment." Hilliard, 305 N.C. at 595, 290 S.E.2d at 684.
6. Plaintiff's burden can be achieved in one of the four following ways: (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work, but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury. Russell v. Lowe's Product Distribution,108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993).
7. Plaintiff failed to prove the existence of any disability as defined by the North Carolina Workers' Compensation Act based upon the greater weight of the credible evidence. N.C. Gen. Stat. § 97-2.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission enters the following: *Page 9 
 ORDER
1. Plaintiff's claim for benefits is hereby DENIED.
2. Each side shall bear its own costs.
This the 23rd day of February, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1